-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OLANEKAN YEMITAN,

        Petitioner,

                                    99-CV-0559E
                                    94-CR-104E

       -v-

                                  MEMORANDUM and ORDER

UNITED STATES OF AMERICA,

        Respondent.

---

Pursuant to the Mandate of the United States Court of Appeals, Second Circuit, filed March 1, 2005 (Docket No. 155),[1] petitioner has filed a request for a certificate of appealability (Docket No. 155), pursuant to 28 U.S.C. § 2253(c)(1)(B), in relation to the Court's denial of his Fed.R.Civ.P. 60(b)(6) motion (Docket No. 153). Petitioner's Rule 60(b) motion asked the Court to reconsider its Memorandum and Order, filed November 16, 1999 (Docket No. 146), denying petitioner's motion to vacate his conviction pursuant to 28 U.S.C. § 2255.[2] The basis of petitioner's request for a certificate of appealability is that reasonable jurists could disagree with respect to the Court's determination that petitioner's Rule 60(b) motion was not filed within a reasonable time or that the Second Circuit's decision in *Harris v. United States*, 367 F.3d 74 (2d Cir. 2004), was not a change in controlling authority and, therefore, not an "exceptional circumstance" entitling petitioner to equitable tolling of the

---

[1] All references to docket numbers are to the civil docket, 99-CV-0559E.

[2] The court of appeals, in a *per curiam* order dated March 29, 2000, denied petitioner's motion for a certificate of appealability from this Court's denial of his initial § 2255 motion and held that the § 2255 motion was "untimely filed." The court of appeals has also repeatedly denied petitioner's leave to file a second or successive § 2255 petition.

statute of limitations.  Petitioner has also filed a "Motion for Determination of Status of Certificate of Appealability Request."  (Docket No. 157).

This Court finds that, for the reasons set forth in its denial of petitioner's Rule 60(b) motion (Docket No. 153) and its initial dismissal of petitioner's § 2255 motion (Docket No. 146), petitioner has not made a substantial showing of the denial of a constitutional right, 28 U. S. C. § 2253(c)(2), by demonstrating "that reasonable jurists would find th[is] court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U. S. 473, 484 (2000).  Accordingly, petitioner's request for a certificate of appealability (Docket No. 156) and his motion for a determination of the status of said request are denied (Docket No. 157).

SO ORDERED.

DATED:     Buffalo, New York
           May 11, 2005

/s/ *John T. Elfvin*
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE

2